**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanya Winters, | No. CV-18-01854-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| F-N-F Construction, *et al.*, | |
| Defendants. | |

At issue is the Application to Proceed in District Court Without Prepaying Fees or Costs filed by *pro se* Plaintiff Tanya Winters (Doc. 2). Having determined that Plaintiff does not have the means to pay the Court's fees in this case, the Court grants the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the Complaint fails to state a claim or plausible grounds for the Court's subject matter jurisdiction. The Court therefore dismisses the Complaint without leave to amend.

**I.     LEGAL STANDARDS**

**A.     28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Rule 8, Federal Rules of Civil Procedure

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### C. Subject Matter Jurisdiction in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

Rule 8(a) provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction." In other words, to

proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014).

**II. ANALYSIS**

**A. Failure to State a Federal Claim**

In the Complaint, Plaintiff first attempts to raise a federal claim against two private entities, Defendants F-N-F Construction and Zurich American Insurance Company, under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for "failing to pay workers compensation when [Plaintiff] is known to be disabled throughout many appeals." (Doc. 1 at 3-4.) Workers' compensation is a creature of state law, not federal statutes like the FLSA, and a claim of failure to pay workers' compensation benefits thus arises only under state law. Plaintiff does not raise a state law claim here, but even if she did, this Court would lack subject matter jurisdiction over such a claim, as detailed more fully below. As a result, the Court must dismiss this claim without leave to amend. *See Lopez*, 203 F.3d at 1130.

Plaintiff's second attempt to raise a federal claim is under 42 U.S.C. § 1983 against the same two private entity Defendants for creating an unsafe construction zone. (Doc. 1 at 20-22.) To state a § 1983 claim, a plaintiff must first allege state action by Defendants. Determining whether an entity is subject to suit under § 1983 is the "same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). The Complaint contains no non-conclusory allegation supporting an inference that the Defendant construction and insurance companies were state actors, which is fatal to Plaintiff's § 1983 claim. Moreover, the Court cannot conclude that Plaintiff could cure this defect by amending her Complaint. The Court must therefore dismiss this claim without leave to amend. *See Lopez*, 203 F.3d at 1130.

Plaintiff's third attempt to raise a federal claim is under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)—a suit against federal officials for the violation of certain constitutional rights. (Doc. 1 at 26-27.) Again, the Complaint contains no non-conclusory allegation supporting an inference that the Defendant construction and insurance companies were federal actors, which is fatal to Plaintiff's *Bivens* claim. Because Plaintiff cannot plausibly cure this defect by amending the Complaint, the Court must dismiss this claim without leave to amend. *See Lopez*, 203 F.3d at 1130.

### B. Lack of Subject Matter Jurisdiction

In addition, the allegations contained in the Complaint fail to show federal subject matter jurisdiction. First, from the face of the Complaint, the Court cannot conclude that it has diversity jurisdiction over Plaintiff's claims because the parties are not citizens of different states. *See* 28 U.S.C. § 1332. Instead, Plaintiff alleges that all parties are citizens of Arizona. (Doc. 1 at 1-3.) Thus, as the Court stated above, even if Plaintiff was able to raise a claim under state law against Defendants, this Court would not have original subject matter jurisdiction over that claim.

Second, as the Court laid out above, Plaintiff fails to state any claim arising under federal law, depriving the Court of federal question jurisdiction. *See* 28 U.S.C. § 1331.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is granted.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. 1) is dismissed without leave to amend for failure to state a claim and lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 14th day of June, 2018.

Honorable John J. Tuchi
United States District Judge